## El Pueblo *v.* Sierra.

APELACIÓN procedente de la Corte de Distrito de San Juan. Moción sobre corrección de autos.

No. 340.—Resuelto en mayo 23, 1911.

DERECHO PENAL—CORRECCIÓN DE AUTOS—ACTOS CORAM NON JUDICE—FACULTAD PARA ALTERAR, MODIFICAR O AMPLIAR LOS AUTOS.—El récord de una apelación criminal no puede ser aumentado por medio de una moción sobre corrección de autos fundada en el artículo 55 del Reglamento de esta corte, con una certificación comprensiva de varias constancias de otra causa criminal seguida contra este mismo apelado, sin que conste que se presentaron como prueba al

tribunal inferior, ni que las tuviera presente al resolver este caso, ni que fueron mostradas al acusado, ni que fueron incluídas en el pliego de. excepciones que certificado por el juez forma parte del récord de esta apelación.  Tampoco viene acompañada la certificación referida de una declaración jurada que justifique esos extremos.· Este tribunal no tiene facultad para alterar, modificar o ampliar los autos presentados en una forma determinada. El hacerlo sería un acto *Coram Non Judice.*  Véase *Calaf et al.* v. *Calaf*, resuelto en enero 25, 1910;  16 Decisiones de Puerto Rico, 835.

ID.—REGLA 55 DE ESTA CORTE—SU INTERPRETACIÓN.—La regla 55 de esta corte solamente se refiere a aquellas partes de los autos que por inadvertencia o cualquier otro motivo, no han sido debidamente insertadas en la transcripción.

Los hechos están expresados en la opinión.

Abogado del promovente: *Sr. Jesús M. Rossy, Fiscal.*

Abogado de la parte contraria: *Sr. Pedro Gómez Lasserre.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El día 2 de mayo de 1911, el Fiscal de esta corte presentó una moción sobre corrección de autos en el caso de *El Pueblo de Puerto Rico* v. *Francisco Sierra,* en apelación de la Corte de Distrito de San Juan, cuya corte había conocido del caso en grado de apelación, en debido tiempo, procedente de la corte municipal de Bayamón.  Se alega que la corrección de los autos que trata de hacerse, se funda en la regla 55 de esta corte.  El caso que está en apelación en este tribunal es el número 1697.  El documento que se nos ha presentado y que trata de agregarse a los autos, es una certificación expedida por el subsecretario de la Corte de Distrito de San Juan, en el que se especifican los procedimientos de la causa criminal No. 1446 seguidos contra el acusado Sierra y otros.  La certificación comprende una copia de la acusación, lectura de la misma al acusado, señalamiento del caso, minutas del juicio, resolución, señalamiento del caso para un término subsiguiente, una minuta del segundo juicio, la que muestra que el jurado no pudo llegar a un acuerdo con respecto al acusado Francisco Sierra, y un sobreseimiento de los procedimientos seguidos contra el mismo en dicho caso, autorizándose al Fiscal para iniciar los procedimientos en la corte municipal contra dicho Sierra.

La certificación no está acompañada de ninguna declara-

ción jurada y no hay nada que muestre que los procedimientos con relación a los cuales se certifica del caso No. 1446, se presentaron alguna vez a la corte en el caso No. 1697, que ahora pende ante este tribunal; no aparece nada en dicha certificación o en los autos de donde se vea que la corte tuviera presente los procedimientos del caso No. 1446 al considerar el No. 1697. Tampoco existe la más ligera indicación en los autos que han sido remitidos a este tribunal que demuestre que al acusado en la causa No. 1697 se le pusieran de manifiesto los procedimientos del No. 1446. Los autos del caso No. 1697, muestran ciertamente que el acusado presentó la alegación de haber estado dos veces expuesto, pero no existe nada en los autos que manifieste que él ofreciera alguna prueba con respecto a la cuestión propuesta en esa alegación. Muy bien pudiera ser que el acusado hiciera la alegación para contrarrestar una prueba en la corte de distrito del carácter de la que trata de presentarse ahora en este tribunal; pero no es necesario que analicemos detenidamente esta clase de suposiciones.

En esta apelación el pliego de excepciones está certificado por el juez de distrito y antes de esta certificación aparece otra de Luis Campillo, Fiscal de la corte de distrito, expresando en ella que aprueba el pliego que ha sido sometido a la consideración de la corte de distrito, cuyo pliego así aprobado y certificado formó parte de los autos.

Este tribunal no tiene facultad para agregar a los autos la certificación propuesta. Es una cuestión *coram non judice* ante este tribunal, y sin una moción en debida forma o indicación hecha a la corte y al acusado por las que fueran incluídas en la prueba del caso No. 1697 los procedimientos del caso No. 1446, también sería una cuestión *coram non judice*, ante la corte de distrito. Aun cuando estos procedimientos se hubieran presentado y admitido en el juicio de la causa No. 1697 no podríamos ahora incluirlos en los autos remitidos a este tribunal. La prueba del juicio no forma parte de los autos hasta que la misma ha sido incluída en un pliego de ex-

cepciones o relación de hechos.   El pliego de excepciones o relación de hechos forman parte de los autos al quedar certificados por el juez de la corte inferior.   No tenemos facultad para alterar, modificar o ampliar los autos que de tal manera han sido preparados.   (3 Cyc., 153; Resolución de este tribunal en el caso de *Calaf et al.* v. *Calaf,* No. 471, resuelto en 25 de enero de 1910.)   La regla 55 se refiere solamente a aquellas partes de los autos que por inadvertencia o algún otro motivo, no han sido debidamente insertadas en la transcripción.

Como estos procedimientos no formaban parte de los autos y al parecer no fueron presentados como prueba en la corte de distrito, ninguna de las partes tiene derecho a invocar las disposiciones de la regla 55 de esta corte, por lo que debe desestimarse la moción presentada por el Fiscal.

*Denegada la moción.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary, del Toro y Aldrey.